# SUPREME COURT.

꙼LI.F꙼ '꙼ ꙼ ꙼ ꙼ R *et al.,* respondents, agt. JARED D. MATTESON, appellant.

꙼꙼e ꙼ ꙼ plaintiffs, on the trial, proved that the defendant, at the time the agree-꙼꙼e꙼꙼ ꙼as made by the plaintiffs with the defendant to sell their milk to the ꙼꙼f꙼ndant, the defendant told plaintiffs that a man by the name of Stone was to make the milk into cheese, and any bargain they might make with Stone would be the same as if made with himself:

꙼eld, that the question then asked the witness, " whether Stone, when he came to plaintiffs, said defendant had sent him to complete the bargain," was competent, as it was the statement of the agent as to the very business in which he was employed by his principal to act for him. The defendant himself proved his authority.

The written agreement between the defendant and Stone for the manufacture of cheese, was properly excluded as evidence ; it was *res inter alias acta.*

*Fourth Judicial Department, Buffalo, January,* 1872.
*Before* MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *JJ.*
APPEAL from judgment at special term.

JOHN D. KERNAN, *for appellant.*

The action was brought in justice's court. It was tried before a jury, June 21st, 1869 ; the jury disagreed. The parties adjourned by consent, and on the adjourned day the case was submitted to the justice on the evidence taken. He gave judgment for plaintiffs for $200 damages, and $17 costs.

The defendant appealed to the Oneida county court from the judgment.

The action was tried before Judge WILLARD and a jury on March 24th, 25th and 27th, and the jury returned a verdict for plaintiffs for $190 40.

The plaintiffs entered judgment on the verdict.

The defendant moved the county court for a new trial on a case and exceptions, and the motion was denied. No opinion being written.

The defendant appeals from the judgment and order denying motion for a new trial to this court.

The question litigated on the trial was, whether the defendant bought plaintiff's milk or not. The jury have found, that defendant bought the milk. We think they were materially influenced to so find by certain evidence wrongfully admitted on the part of plaintiffs, and because of some evidence offered by the defendant, and wrongfully excluded.

I. The evidence as to what Stone said, was clearly incompetent.

II. The agreement between the defendant and J. L. Stone, was improperly excluded.

1. The plaintiffs swore to a direct bargain with the defendant for the milk in question. To support their testimony they gave much evidence tending to show, that the defendant was carrying on the butter and cheese manufacturing business at his factory, and that Stone was his servant simply. To determine this question, it was proper, that the jury have before them the contract between defendant and Stone.

2. To further support their testimony, and to lay before the jury a reason why Matteson should buy their milk, the plaintiffs gave much evidence tending to show, that Matteson was bound to furnish at the factory, the milk of more cows than he had, and hence, had to buy the milk of plaintiff's cows. For the purpose of contradicting this evidence and of showing, that he was under no such necessity, the contract was clearly competent.

III. The order denying a new trial should be reversed, and a new trial granted, costs to abide the event.

S. J. BARROWS, *for respondent.*

I. The county court properly overruled the objection made by the defendant to the question put by the plaintiffs' counsel to the witness Allen Seymour, to wit: "Did Stone say the defendant had sent him to complete the bargain he had talked about ?" for the following reasons:

1. The witness had before then testified, that the defendant came to the plaintiffs' barn about the 1st of May, 1868, and said he came to buy the plaintiffs' milk, that he had employed Stone to make up his milk, and to make his butter and cheese, and stated what he would give the plaintiffs for their milk, allowing one pound of cheese for ten pounds of milk, to which the plaintiffs replied they would think of it two or three days and let him know; that the defendant then said, "he would send up the Jew (Stone,) and any bargain we made with him would be the same as if made with himself," and that Stone came the forepart of May.

2. Stone, from the statements of the defendant, was the defendant's agent, and the defendant had agreed to send Stone to the plaintiffs to complete the bargain, saying that any bargain the plaintiffs made with Stone, would be the same as if made with himself, and any contract, or statements made by Stone with or to the plaintiffs as to the purchase of the milk, or as to the defendant having sent him to them to complete the bargain, would be binding on the defendant, as the case then stood, and hence would be competent evidence against the defendant.

3. The evidence was clearly competent. It was a part of the transaction, and it was proper that the court and jury should know that Stone disclosed to the plaintiffs the fact that the defendant had sent him to them to complete the bargain for the defendant, when he first came to the plaintiffs or had anything to say about the milk.

4. The defendant cannot now be heard to say, that the question is leading, because no such objection was taken on the trial, besides if taken, it would be in the discretion of the court, and cannot be reviewed here unless the discretion has

been abused (*J. H. & B. Budlong* agt. *Van Nostrand*, 24 *Barb.*, 25; *Cheney* agt. *Arnold*, 18 *Barb.*, 435; *Williams* agt. *Eldridge*, 1 *Hill*, 250; *Seymour* agt. *Broadfield*, 35 *Barb.*, 49; *Weber* agt. *Kingsland*, 8 *Bosw.*, 416.)

II. The contract made between the defendant Stone, as to the making up of the defendant's milk, or as to the number of cows' milk the defendant was to furnish Stone, was not competent or material evidence for any purpose, against the plaintiffs in this action.

1. It was merely the declarations of the defendant. The plaintiffs were not parties to the contract, nor present when it was made, and there is no evidence in the case showing, or tending to show, that they ever knew, or in any way assented to its contents, or that it in any way entered into, or formed or was to form a part of the contract by which they sold and delivered their milk to the defendant. It cannot, therefore, be binding upon them.

2. It was not competent for the purpose of showing, that the defendant sold his milk to Stone, that Stone was to pay so much for it, or that the defendant was not obliged to furnish any greater number of cows' milk than his own, or to contradict the plaintiffs witnesess as to the number of cows the defendant was to furnish Stone. Nor was it within the issue to be tried, as no such defense, as that the defendant had sold his milk to Stone, or that the plaintiffs had sold the milk in question to Stone, had been or is set up by the defendant in his answer.

3. Nor could it be competent for the purpose of contradicting the plaintiffs' witnesses as to the number of cows' milk the defendant was to furnish Stone, or that he was not to furnish him any greater number cows' milk than his own, for the reason that all the evidence given on that point was, and had been solely and only the declarations, admissions and statements made by defendant as to the same. It is, therefore, confidently submitted that the court did not err in

sustaining the several objections made by the plaintiffs' counsel to the admission of the contract in evidence.

III. The offer of the defendant to prove by the witness, John Booth, that the plaintiffs' witness, Willard Seymour, had said to him while at the defendant's barn at a time spoken of by Booth, while his father was present, but not in hearing, that Stone owed the plaintiffs in this suit for milk some over $200, was properly overruled by the court.

1. Willard Seymour had not been and was not the agent of the plaintiffs in any way, and his declarations, or statements as to who owed the plaintiffs for the milk in question, or as to the amount due, could not and did not affect, or bind the plaintiffs, and it is not even claimed that the plaintiffs, or either of them, ever heard, or knew that he had made any such statement as was offered to be proved, and hence they could not have had any opportunity to contradict or dissent from it. They, therefore, could not be affected, or bound by what the witness may have said on that subject (*S. H. & B. Budlong* agt. *Van Nostrand*, 24 *Barb.*, 25; 1 *Greenleaf on Evidence*, §§ 114, 115.)

2. It was an offer to prove mere hearsay.

3. It was not even competent for the purpose of contradicting the witness, since he had not been asked any such question by the defendant's counsel.

IV. We submit that the main question at issue between the parties to this action was one of fact, which has been very properly solved in favor of the plaintiffs by the jury, and that no sufficient error appears in the case to justify a reversal of the judgment and order denying a new trial, and that the same should be affirmed, and a new trial denied (*Osborn* agt. *Nelson*, 59 *Barb.*, 375.)

MULLIN, P. J.—The plaintiff brought this action in a justices court, to recover the price of milk alleged to have been sold and delivered by them to the defendant in 1868.

The answer contained a general denial, that the parties

had settled, and a counter claim in behalf of the defendant against the plaintiff.

On the trial, the plaintiffs witnesses testified, that the defendant at the time the agreement to sell the milk was made, told plaintiffs, that a man by the name of Stone, was to make the milk into cheese, and any bargain they might make with Stone would be the same as if made with himself. The plaintiffs then asked the witness whether Stone when he came to plaintiffs said defendant had sent him to complete the bargain. This evidence was objected to, the objection was overruled, and the defendant's counsel excepted.

This evidence was clearly competent, it was the statement of the agent as to the very business in which he was employed by his principal to act for him. The defendant himself proved his authority. The plaintiff did not attempt to prove it by the declarations of the agent.

The defendant testified in his own behalf, that there was a written agreement between him and Stone, under which he Stone, bought his defendant's milk, and carried on the factory. The defendant then offered said agreement in evidence, and it was objected to, and rejected.

It was incompetent, it was *res inter alias acta,* and could only be used as a sort of moral support of the evidence of the defendant. The agreement was properly rejected. The order of the county court refusing a new trial, affirmed.